# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

GLENNESE SCOTT                                                                       PLAINTIFF

VS.                                                         CAUSE NO. 3:17-CV-00191-CWR-LRA

AJFC COMMUNITY ACTION AGENCY, INC.;
AND JOHN DOES (1-10)                                                                 DEFENDANT

## AMENDED MOTION IN LIMINE TO PRECLUDE
## TESTIMONY REGARDING AJFC RETAINING HEAD START PROGRAM

**COMES NOW**, Defendant AJFC, by and through counsel of record and pursuant to Fed. R. Civ. P. and Fed. R. Evid., and hereby files this, its Motion in Limine to preclude and prohibit the Plaintiff from introducing and testimony, argument, or evidence during the trial of this matter regarding the fact that AJFC had been subjected to the Designation Renewal System ("DRS") or any reference to findings regarding any threat to the Defendant being able to retain its Head Start Program. In support thereof, Defendant states as follows:

1. It is anticipated that Plaintiff will seek to introduce testimony, argument, or evidence concerning the viability of the Defendant's Head Start program as a result of the reports made by Plaintiff.

2. In 2015, Defendant AJFC was placed in what is called the Designation Renewal System. Congress established the Designation Renewal System (DRS) to ensure that Head Start and Early Head Start agencies deliver high-quality and comprehensive services to the families they serve. DRS established five-year grant periods for all Head Start service awards, with many agencies receiving further five-year grants without competing for funding.

3. Defendant AJFC was successful during DRS and does not have to compete for funding.

4. Any such testimony, argument, or evidence should be excluded under FRE 401 (relevance) and 403 (prejudice). Any such reference to the possibility that the agency would close would unfairly place the Agency in a false light.

5. This evidence would certainly be more prejudicial than probative in light of the fact that Defendant was successful in the DRS process and has maintained its program for more than three years since entering the DRS process. The fact that Defendant was in DRS is not relevant to Plaintiff's allegations. And, if there is some limited relevance, it is greatly outweighed by its prejudicial effect to the Defendant.

**WHEREFORE, PREMISES CONSIDERED**, Defendant requests that Plaintiff be prohibited from introducing any evidence regarding AJFC being able to keep its Head Start program.

**THIS**, the 11th day of February, 2019.

Respectfully submitted,

**AJFC COMMUNITY ACTION AGENCY, INC.**

BY: \_\_\_\_\_/s/ Carmen Brooks Drake_____
Carmen Brooks Drake
Post Office Box 448
Natchez, Mississippi 39121-0448
601-442-7200 (v)
601-442-0606 (f)

**Certificate of Service**

I, the undersigned, do hereby certify that I have caused to be delivered, via the ECF system, a true and correct copy of the above and foregoing **Motion in Limine** to the following:

>William C. Ivison, Esq. (wivison@adcockandmorrison.com)
>Ken R. Adcock, (kadcock@adcockandmorrison.com)
>Adcock & Morrison PLLC
>Post Office Box 3308
>Ridgeland, Mississippi 39158

THIS, the 11th day of February, 2019.

/s/ Carmen Brooks Drake
Carmen Brooks Drake